E-FILED
Friday, 06 May, 2011 09:44:54 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 10-30100 |
| JEFFREY B. FOILES, | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Defendant's amended motion to dismiss the Indictment or, alternatively, to strike paragraphs 22, 23, 24 and 25 of the Indictment, pursuant to Rules 12(b)(3) and 7(d), of the Federal Rules of Criminal Procedure. The Court referred the motion to United States Magistrate Judge Byron G. Cudmore for a Report and Recommendation. In the Report and Recommendation entered on March 29, 2011, Judge Cudmore recommended denying the Defendant's motion in its entirety. The Defendant has filed objections to the Report and Recommendation.

In his amended motion, the Defendant alleges that the indictment should be dismissed because each of its counts were improperly brought under the Lacey Act, 16 U.S.C. § 3371 et seq., and the Fraud and False Statements Statute, 18 U.S.C. § 1001 et seq., instead of the relevant provisions of the Migratory Bird Treaty Act, 16 U.S.C. § 703 et seq. He contends that the Migratory Bird Treaty Act is the more specific statute. Therefore, the indictment is improperly brought under the more general Lacey Act and False Writings statute.

Citing United States v. Batchelder, 442 U.S. 114, 123-24 (1979) and United States v. Rietzke, 279 F.3d 541, 545-46 (7th Cir. 2002), Judge Cudmore recommended rejecting the Defendant's argument on the basis that, when two criminal statutes apply to the same conduct, the Government has the discretion to elect the statute under which to proceed. The Court has reviewed the Defendant's Memorandum in support of his amended motion and his Objections to the Report and Recommendation, neither of which provides a basis to dismiss the indictment. Pursuant to Batchelder and Rietzke, therefore, and for the reasons given in the Report

and Recommendation, the Court will deny the portion of the amended motion which requests that the Indictment be dismissed because the counts were brought under the wrong statute.

Alternatively, the Defendant contends that paragraphs 22, 23, 24 and 25 of the Indictment should be stricken as irrelevant and prejudicial. Count I charges the Defendant with Conspiracy to Violate the Lacey Act, and alleges that among the overt acts in furtherance of the conspiracy was a series of hunts in Alberta, Canada, during which the Defendant guided hunters who took ducks and geese in excess of their daily bag limits. (Indictment ¶¶ 22-23, 25). The Indictment also alleges that in 2005 in Colorado, the Defendant enticed geese to come near his vehicle so he could easily confiscate their leg bands and neck collars in an effort to increase his collection and falsely advertise his expertise. (Indictment ¶ 24).

Judge Cudmore recommended finding that the paragraphs are relevant and should not be stricken. The Defendant objects on the basis that the paragraphs are inflammatory and irrelevant surplusage. He contends that the conduct alleged in those paragraphs took place long before the conduct

3

underlying the charges in this case.

The Court finds no basis to strike the paragraphs. The alleged incidents show a pattern of conduct that is potentially relevant to the Defendant's state of mind. Even assuming there is a potential for prejudice, the Court intends to give the standard Seventh Circuit Jury Instruction that an indictment is not evidence and does not create any inference of guilt. See United States v. Marshall, 985 F.2d 901, 906 (7th Cir. 1993) (determining that no prejudice resulted to the defendant from the reading of the indictment due in part to the court's instruction that the indictment was not evidence).

Accordingly, the Court will accept the Report and Recommendation and deny the Defendant's amended motion to dismiss or strike.

Ergo, the Court hereby ADOPTS Judge Cudmore's Report and Recommendation [d/e 27] and DENIES the Defendant's amended motion to dismiss the indictment, or alternatively, to strike paragraphs 22, 23, 24 and 25 of the indictment pursuant to [d/e 24] Federal Rules of Criminal Procedure 12(b)(3) and 7(d).

ENTER: May 6, 2011

       FOR THE COURT:

                s/Richard Mills
                United States District Judge